UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL HALE | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-286-JMS-DML |
| | ) |
| SUPERINTENDENT, NEW CASTLE | ) |
| CORRECTIONAL FACILITY | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Michael Hale for a writ of habeas corpus challenges a prison disciplinary proceeding identified as NCN 13-11-0019. For the reasons explained in this Entry, Hale's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On November 8, 2013, Officer Tharp wrote a Report of Conduct in case NCN 13-11-0019 charging Hale with resisting. The Report of Conduct states:

> On the above date and approximate time, I Ofc. K Tharp and Ofc. T. Jones were escorting Offender Hale, Michael #884687 to his cell 0-3-112 returning from C.A.B. Upon placing Offender Hale in his cell, Ofc. T. Jones attempted to unsecure the mechanical restraints from the offender. At this time the offender pulled away from Ofc. Jones and ran toward the opposite(*sic*) side of his cell. I Ofc. K. Tharp had the lead strap in my hands at this time and took a step back to brace myself, once the offender had extended the lead he was then pulling away from Ofc. Jones and myself. I Ofc. Tharp and Ofc. Jones gave the offender a direct order to stop resisting us and to return to the cuff port. The offender after resisting for approx. 10 sec. then returned to allow Ofc. T. Jones to remove the restraints. Supervisors and medical were informed.

Officer Jones also provided a statement describing this same conduct. On November 13, 2013, Hale was notified of the charge of resisting and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Hale was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested a witness, the Offender is cell 103, and requested evidence of medical complications as physical evidence.

The hearing officer conducted a disciplinary hearing in NCN 13-11-0019 on November 21, 2013, and found Hale guilty of the charge of resisting. In making this determination, the hearing officer considered the staff reports and medical pictures and assessment. The hearing officer approved the following sanctions: a written reprimand, 30 days lost commissary and phone privileges, and a 45 day deprivation of earned credit time. Hale appealed to the Facility Head on November 23, 2013. The Facility Head denied the appeal on December 3, 2013. Hale's appeal to the Appeal Review Officer was denied on January 15, 2014.

## C. Analysis

Hale challenges the disciplinary action taken against him, arguing 1) the evidence was insufficient to support the charge; 2) he was denied an impartial decision maker; 3) his requested continuance was denied; 4) he was not allowed to testify at the hearing.

### 1. *Sufficiency of the Evidence*

First, Hale argues that the evidence was insufficient to support his conviction. To satisfy the demands of due process, the determination of guilt need only be supported by "some evidence in the record." *Hill*, 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient).

The Report of Conduct states that Hale resisted both Officer Tharp and Officer Jones. Officer Jones also provided a witness statement which confirms the Report of Conduct. The evidence shows that Hale physically pulled away and resisted while the officers were attempting to remove his restraints. He then fled to the other side of the cell, physically resisting the officers, and disobeying direct orders. This is sufficient evidence to support the guilty finding. Hale argues that he did not resist, but instead the medication he was taking caused him to lose balance and control. But this Court cannot reweigh the evidence, see *Russell v. Sandahl*, 989 F.2d 502 (7th Cir. 1993), and must affirm the disciplinary conviction if there is "some evidence" to support it. That is the case here.

2. *Impartial Decision-Maker*

Hale next argues that he was denied an impartial decision-maker. It is true that due process requires an impartial decision-maker. *See Wolff* 418 U.S. at 570-71. However, due process requires recusal only where the decision-maker has a direct or otherwise substantial involvement in the circumstances underlying the charges against the offender. *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983). Hale alleges that Lt. Storm was involved in investigating the offense at issue. But there is no allegation that Lt. Storm was involved in the circumstances underlying the offense. Further, there is no evidence in the record that Lt. Storm was involved in the investigation. The report of the disciplinary hearing reflects that the hearing officer's findings were based on the Report of Conduct prepared by Officer Tharpe and the medical records. There is no investigation report or statement by Lt. Storm, nor is there any investigation report or statement that mentions Lt. Storm. Although Hale asserts that Lt. Storm interviewed Officers Tharpe and Jones, he does not support this statement with admissible evidence. Because there is no admissible evidence that Lt. Storm was involved in the acts at issue or in the investigation, there is no evidence that he was an impartial decision-maker.

3. *Time to prepare*

Hale next argues that he was denied due process because his written request for a continuance was denied. Among the basic requirements of due process in a prison disciplinary proceeding is written notice of the charge twenty-four hours prior to the hearing. *Wolff*, 418 U.S. at 564. Although *Wolff* requires that an inmate be given twenty-four hours advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance beyond this. *See White v. Ind. Parole Bd.,* 266 F.3d 759, 767–68 (7th Cir. 2001) (explaining that

the procedures required by *Wolff* represent a balance of interests that should not be further adjusted in favor of prisoners). Hale was given the time to prepare which due process requires.

　　　　4. *Right to Testify*

Hale also asserts that Lt. Storm ended the hearing because Hale was being disruptive and he did not get a chance to testify. But the Report of Disciplinary Hearing indicates that Hale's statement "I fell forward because I was dizzy" was taken. The Report goes on to state, "offender became loud and argumentative and began cursing DHB. Offender removed from hearing because of behavior." Due process allows that "the prisoner's rights to call witnesses, to present evidence, and to confrontation . . . be circumscribed and even denied if exercising these rights would be 'unduly hazardous to institutional safety or correctional goals.'" *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985) (quoting *Ponte v. Real,* 471 U.S. 491, 495 (1985)). Further, Hale's statement was taken before he was removed from the hearing. Thus, even if the Hearing Officer unreasonably removed Hale from the disciplinary hearing, this action was harmless error because the evidence he wished to present was presented at the hearing. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011) (the denial of the right to present evidence will be considered harmless, however, unless the prisoner shows that the evidence could have aided his defense).

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Hale's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/11/2015

_Jane E. Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Hale
884687
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

All electronically registered counsel